**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 24-4377

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

THOMAS KYLE CAUTHER,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of North Carolina, at Raleigh.  Terrence W. Boyle, District Judge.  (5:24-cr-00023-BO-BM-1)

Submitted:  August 21, 2025                          Decided:  August 25, 2025

Before WILKINSON, HARRIS, and RICHARDSON, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ON BRIEF:**  G. Alan DuBois, Federal Public Defender, Andrew DeSimone, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Raleigh, North Carolina, for Appellant.  Daniel P. Bubar, Acting United States Attorney, David A. Bragdon, Assistant United States Attorney, Katherine S. Englander, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Raleigh, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Thomas Kyle Cauther appeals the 240-month sentence imposed following his guilty plea to Hobbs Act robbery, in violation of 18 U.S.C. § 1951(a), and carjacking, in violation of 18 U.S.C. § 2119.  On appeal, he argues that the district court impermissibly considered his rehabilitative needs when determining the length of his sentence.  We affirm.

A district court cannot impose or lengthen a term of imprisonment "to promote correction and rehabilitation."  *United States v. Lewis*, 90 F.4th 288, 295 (4th Cir.) (citation modified), *cert. denied*, 144 S. Ct. 2543 (2024); *see Tapia v. United States*, 564 U.S. 319, 332 (2011).  But "*Tapia* does not prevent a district court from *considering* rehabilitation in the course of a sentencing proceeding."  *United States v. Lemon*, 777 F.3d 170, 173 (4th Cir. 2015) (citation modified).  Our review of the record leads us to conclude that the district court did not plainly err in fashioning Cauther's sentence, as the court's explanation for the chosen sentence demonstrates that any reference to Cauther's rehabilitative needs was not "causally related to the length of the sentence."  *Id.* at 174 (citation modified) (emphasis omitted); *see id.* at 172 (noting *Tapia* error not raised at sentencing is reviewed for plain error).

We therefore affirm the criminal judgment.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*

2